IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONALD DOC VAUGHAN, JR.,
    Plaintiff,

v.                                                        Civil No. 3:22cv509 (DJN)

L.E.G.,
    Defendant.

**MEMORANDUM OPINION**

Donald Doc Vaughan, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Vaughan's claims and the action will be dismissed for failure to state a claim and as malicious.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). An action is frivolous if it is based upon "an indisputably meritless legal theory" or when the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The malicious standard will be addressed in section III.B below. The failure to state a claim standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

Vaughan is incarcerated for sexually assaulting the defendant. (ECF No. 1, at 2–3.) Vaughan requests that the Court "force her to pay me for everyday I been incarcerated for the past 12 ½ years and for [her] to be locked up for perjury for the information she provided to the police . . . ." (*Id.* at 3.)

## III. ANALYSIS

The Court need not engage in an extended discussion of Vaughan's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

### A. Vaughan Fails to State a Claim

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke*

*Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Vaughan fails to allege facts that plausibly suggest that the victim of his crimes was acting under color of state law. *Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (observing that "a private person generally acts 'under color of state law' only when engaged in a conspiracy with state officials" (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). Accordingly, Vaughan fails to state a viable § 1983 against the defendant.

### B. Vaughan's Action Is Malicious

The courts are charged with dismissing an action proceeding *in forma pauperis* if, at any time during the course of the litigation, it becomes clear that the action is frivolous or malicious. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993). The courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation. *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975) (cautioning the district courts to be particularly "diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials."). This Court has previously stated:

> A litigant may be deemed to act maliciously if his actions "[i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." BLACK'S LAW DICTIONARY, Special Fifth Ed. at 863 (1981). Therefore, "the court must assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D. Pa. 1975) [(]dismissing convicted rapist's conspiracy claim against his victim and prosecutors[)]. After reviewing the sparse precedent and the legislative history of § 1915, Judge Larkins concluded:
>
>> when there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make, the Plaintiff sues those involved in securing his incarceration, and the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the Defendants and not to

4

> rectify any wrong done to him, then the suit is a MALICIOUS one.

*Spencer*, 656 F. Supp. at 463–64. Furthermore, in ascertaining whether a particular action is malicious, the Court's review is not limited to the current complaint, but is guided by the plaintiff's past litigious conduct.

*Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (citing *Cochran*, 73 F.3d at 1316–17.)

Here, Vaughan seeks to sue the victim of the crimes which led to his current incarceration and "there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make." *Id.* (citing *Spencer*, 656 F. Supp. at 463–64). Further, the cursory tone of Vaughan's allegations indicates that he is merely engaged in recreational litigation to further harass and harm the victim of his crimes, rather than to seek redress for legitimate claims. Accordingly, the Court finds that the action is malicious.

## IV. CONCLUSION

For the foregoing reasons, the action will be DISMISSED for failure to state a claim and as malicious. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Vaughan.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 1, 2022

5